Robert P. Spretnak, Esq. (Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile  (702) 938-1055

John P. Fuller, Esquire, *pro hac vice pending*
jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JOHN MEGGS, Individually,

        Plaintiff,

vs.

JERRY'S NUGGET, a Nevada Corporation,

        Defendant.

Case No.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RELATED STATE LAW CLAIMS

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, JERRY'S NUGGET, a Nevada Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Nevada Revised Statutes 651.070 et. seq. ("Nevada ADA" or "NADA"), and allege the following:

### COUNT I
### VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1. Plaintiff, JOHN MEGGS, is an individual residing at 1615 W. 207th St., Torrence, CA 90501-1917, in the County of Los Angeles.

2. Defendant's property, Jerry's Nugget Casino, is located at 1821 N. Las Vegas Blvd., North Las Vegas, NV 89030, in the County of Clark.

3. Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs. The Defendant's property are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5. Plaintiff JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic. Mr. Meggs relies on a wheelchair for mobility. Mr. Meggs regularly visits Las Vegas to visit his two daughters, who reside in Las Vegas, to visit with his close friends, and to enjoy the entertainment and to gamble. JOHN MEGGS has visited the subject casino, which forms the basis of this lawsuit, on numerous occasions and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. Plaintiff John Meggs has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

6. Defendant owns, leases (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is known as Jerry's Nugget Casino, and is located at 1821 N. Las Vegas Blvd., North Las Vegas, NV 89030.

7. JOHN MEGGS has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has

reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOHN MEGGS desires to visit Jerry's Nugget Casino not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated individuals will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Jerry's Nugget Casino has shown that violations exist. These violations that JOHN MEGGS personally encountered or observed at the casino include, but are not limited to:

**Parking and Accessible Routes**

   A. Accessible spaces at Jerry's Nugget are not located on compliant accessible routes to enter the building, which prevented Mr. Meggs from safely accessing the facility from his vehicle and violating ADAAG Sections 4.3 and 4.6 as well as Sections 402 and 502 of the 2010 ADA Standards, where the solution is readily achievable.

   B. Jerry's Nugget has parking for over 1000 cars without adequate compliant spaces designated as accessible parking. Spaces are improperly marked, lack clear level access aisles and have slopes with abrupt changes of level within the spaces and on the route to the casino violating Section 402 and 502 of the 2010 ADA Standards. These conditions prevented the free and safe unloading from vehicles for Mr. Meggs as a wheelchair user.

   C. Ramps to access Jerry's Nugget from accessible parking spaces are improperly designed with excessive slopes and cross slopes, which prevented their safe use by Mr. Meggs.

**Entrance Access and Path of Travel**

   D. Ramps leading to casino areas from parking have excessive slopes or cross slopes which endangered Mr. Meggs safety, violating 2010 ADAS Section 405 and ADAAG Section 4.8.

   E. Cross slopes, changes of level and improper walks impede Mr. Meggs' path of travel

to and through casino areas and created a danger to Mr. Meggs. There is no accessible route from streets, sidewalks and public transit violating ADAAG Section 4.3 and 2010 ADAS Sections 303, 304 and 403, which prevented access from these areas.

### Access to Goods and Services

F. The casino fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

G. Dining, check-out, cashier, race and sports betting, gaming and other work surface areas throughout Jerry's Nugget Casino and tenant stores are inaccessible to the plaintiff which made it difficult to interact without assistance by Mr. Meggs, and violate various ADAAG and 2010 ADAS requirements. Interior paths of travel fail to provide minimum clear width for wheelchairs violating ADAAG Section 4.3 and ADAS.

### Access to Men's Restrooms in Jerry's Nugget

H. Mr. Meggs could not safely access the restrooms as stall doors are not self-closing and lack accessible hardware required in ADAAG Section 4.17 and ADAS Section 604.

I. Grab bars in the restrooms are improperly mounted with obstructions within 12" of the gripping surface. Stalls lack the requisite transfer space for Mr. Meggs. There are flush controls on the short side and water closets have seat heights under 17" AFF, and centerlines over 20" from the wall, violating ADAAG Sections 4.16 and 4.17 as well as 2010 ADAS Section 604. Ambulatory stalls are not provided in required areas. These conditions prevented Mr. Meggs from using these elements.

J. Mr. Meggs could not use coat hooks, soap, towel and seat cover dispensers mounted beyond reach ranges in Section 4.2 of the ADAAG and ADAAS Section 308. Toilet paper dispenser is improperly located, violating ADAAG Section 4.16 and 2010 ADAS. Mr. Meggs could not use these elements.

K. Jerry's Nugget restrooms contain multiple urinals, all are inaccessible to Mr. Meggs, and mounted beyond limits prescribed in ADAAG Section 4.18 and ADAS Section 605. These conditions prevented use of these elements by Mr. Meggs.

L. Plaintiff could not use lavatories in Jerry's Nugget restrooms lacking knee clearance or pipe insulation and mirrors mounted beyond limits in Section 4.19 of the ADAAG and ADAS Sections 603.3 and 606.

10. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Jerry's Nugget Casino to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II
### VIOLATION OF THE NEVADA LAW AGAINST DISCRIMINATION - Nevada ADA
### (violation of Nevada Revised Statutes 651.070 et seq.

17. The individual Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

18. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

19. Defendant withheld, denied, deprived and/or attempted to withhold, deny or deprive the Plaintiff the rights and privileges secured to them by NRS 651.070, et seq.

20. Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation, including the premises, goods and services of the Defendant, without discrimination or segregation based on his disability.

21. Defendant's actions were in violation of a legal duty owed to the individual Plaintiff.

22. Defendant is and was required to comply with the dictates of the Federal and state laws which forbid discriminatory policies, practices and facilities, including but not limited to architectural barriers.

23. The individual Plaintiff suffered injury to his dignity, mental anguish and humiliation, and other injuries, which were proximately caused by the Defendant's acts and failures to act.

**WHEREFORE**, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, is in violation of Nevada Revised Statutes 651.070, et seq.

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  Award compensatory damages to Plaintiff JOHN MEGGS.

d.  An award of attorneys' fees, costs and litigation expenses.

e.  The Court award such other and further relief as it deems necessary.

Respectfully Submitted,

Robert P. Spretnak, Esquire (NV Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123-2545
Telephone (702) 454-4900
Facsimile  (702) 938-1055

John P. Fuller, Esquire, *pro hac vice pending*
jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

By: _____
Robert P. Spretnak, Esquire
NV Bar No. 5135

Date: 05/18/2018

Attorneys for Plaintiff John Meggs